Thank you. Good morning, Your Honors. Mary Ann Dugan here, studying the plaintiff appellant, C.R. As you know, C.R. is a minor who, four years ago, when he was 12 years old, was expelled from school for, come over to school for, objecting to speech. Despite that, there was no evidence that that speech substantially disrupted the school environment or threatened to do so. In 2013, Chief of Law, Chief of Law, Chief of Law, Chief of Law, Chief of Law, said, regulations to use speech as permissible in the United States. Substantial or even great, possibly disrupting the school or the other interests of the students of the community. He also called to note that, rather than use force, in your position, this is wrong to use speech. It cannot be regulated. It is sexually harassing.  Is that correct? Great, Your Honor. I don't think you have a reasonable likelihood of substantially disrupting the school environment. I don't think there are other, other conditions on the part of the Chief which would substantially disrupt it or condense it or undermine the rights of the students. Okay. Thank you, Your Honor. We request that you reduce further disruption. Your Honor, it seems to me that this is certainly not the case. I don't think there is a reasonable argument to allow for speech. From school age, we must remember that non-students choose to use speech. Non-students use language. School age, again, does not have the right to use speech. Again, this can be assessed. The target students use distance, social distances. So since I was trying to talk to you about this subject earlier, does the school have the ability to regulate the amount of time to speech within the scope of the school? And, Your Honor, do you agree with this? I don't think it's up to the students. No, Your Honor. I agree with this. I'm just pleased that involved students getting on to the school grounds with background The Supreme Court has yet to address the problem of the school's ability to regulate off-campus speech. This circuit, as well as all the other circuits and district and business circuits, have applied the Tinker's abstention disruption measure to off-campus speech, not the other form that you are mentioning. And, Your Honor, I look at it and I don't think that the students should be trying to The answer to this court in Weiner and Levine, Levine addressed the issue of off-campus speech. There was a credible threat of violence on campus. Weiner was instant messaging threatening to actually do school shootings. Levine was the only home about being under control and killing classmates. When the court, this court has not yet addressed this specific type of issue, but when the courts that have addressed the issue of off-campus speech, that is, you know, bullying or harassment of fellow students that doesn't threaten on-campus violence, the courts have unanimously affirmed I could find a threat in the context of whether you reasonably have an abstention disruption measure for environments, and that's fully agreed to in our brief statement. And I look at the second question. I think, Your Honor, it's a surprise that the district is secure. It's not secure, I'm sorry to say, but we've put ourselves in a different context because we've put ourselves in a wrong context. We've put ourselves in a situation where the courts have said, so be it, you can't send me an abstention disruption measure. So, if that were the case, that any off-campus bullying could be seen to threaten on-campus safety, then you would see a section that's called follow the rule. In this case, it is not. The exception is follow the rule. The rule being that the school cannot generally regulate students to be charged with this. In the Beverly Hill cases, that's a new rule. If you can't see an off-campus, you can't argue for it, because you don't know at all what's going on. But, can it say, we don't want you to bully our students, or threaten our students, or sexually harass our students, whether it occurs on-campus or on-campus? Because we have an educational interest in the emotional stability of our students, which is threatened by your sexually harassing speech. Can you see that? We do, essentially. I'm not aware of a court that has said that. The Tinker Court is talking about on-campus behavior. So, when we get to off-campus behavior, although the courts have applied the Tinker's substantial disruption context, that does not mean that all of Tinker applies off-campus. The part of Tinker that applies off-campus is whether it's reasonably perceivable that the campus will be distracted. And this is in the Beverly Hill case. I know the district court case, but it is a very thorough and well-reasoned opinion, which is that it's a situation where there was a YouTube video made that was attacking other students, making fun of them, belittling them, bullying them. And the court forensic jury, just before the plaintiff, saying that no reasonable jury could find that there was a reasonable expectation that that would substantially disrupt the campus behavior. It's case-by-case. The court already said that. Let me ask you this. What is your claim here? Is your claim here that the student's conduct in Glasgow was not disrupted? And then it didn't come within the policy of the school. Or to which seems to be a lot of movement now, to that the school had no authority to actually off-campus activity because you're a forging party. You take it to Glasgow, and the school could then create student houses up there for the students there. But it didn't get a little bit. But what is your claim? If you're not that the school has tripped you over? The school district, the kind of they are for two reasons. For what happened in the city parks between two students. That there was no such social disruption in the school environment. That only the school's own investigation, and it is the only thing that ever comes into the discussion of the environment anyway. If you look at the record of 187 and 119, their job was to do their personal knowledge claims. So what site is this in Glasgow? What school is this? There are three claims. One is a violation of my client's First Amendment rights. Because each one punished someone who's not using the school's authority to teach there. The school being a government body. The second one is a procedural due process. So you're using authority to substitute First Amendment due process claims. Well, the second one is not a procedural due process claim. Because what do you have? Well, we're just standing here at this record. And we're going to get this record and do this right. So what's your guess? There's been a student who's been here for some of those five years. Well, I'm not sure about each claim. So, if you see a due process claim, or he wasn't participating in the submission process before that, is this the claim that you host? I don't know. Is that the claim? He was not given the factual basis and the meaningful opportunity to respond. He was suspended without an appeal process being exchanged with him in any way. That's in the record at 127 and 56. And if you will note, somehow, the parents were not allowed to know what the record said. You said there's three questions. There's four questions. Sustained. What's a substantive due process? What's a substantive due process? So the statement of what's now on this record, and this is in the record, 551 is a 16th, you know, 16th. I'm hoping that's not a burden in record. It says, you know, harrassment, sexual, and sex. These are two separate issues. And that was a fact. She was not a sexual dependent, right? That's what six people did for 75 years. So they bumped it out on page 25 of the opening brief. And that is certainly a statement of, well, how has that become a substantive due process or not? Is it because of the procedure or the process or not? And then it says, The situation was the discipline in this particular situation. But when the government takes away an individual's right and then at the same time makes a statement that is given to other parties that represents a stigma, that's a criminal test. And no one thought that was considerable. So we're talking about separate questions. This is what we're talking about. This is what we're talking about. It's not a problem, but it does speak. It was reviewed. It was reviewed by the private schools in Washington. It was rejected by, excuse me, all 11 grades. It's going to be reviewed by the colleges and, or it's going to be reviewed by the military experts. I think people have questioned it. That's risk, because I live in the United States. I come from a rich slave society. Both of the systems, it seems to me, I am so sensitive to certain information. At one stage in my life, I'm convinced you have such a strong desire to know more about this kind of stuff. That is, you know, I don't know if I should say this, but I think it's very important. Correct. Is there any other? We can do that, and we will continue to do those interviews. All right. Thank you for your time. And I feel like I have to reserve a few minutes in front of you to ask you a follow-up question, which is, do you think there is a need to change the law to the third point, which is your question, is it substantive, is it necessary, is it substantive? Okay. First of all, first of all, I think it's important to make sure changes are made. You also have to balance some challenges that you may be facing for a long time, which might include clearing for records, and so on, and so on. But the third point, which is part of the question I think it's important to make sure  you know, there is a need  to the first point, which is the mandate. And so, and, and the third thing is, and this is obviously an overlap, but there are separate legal claims. I think there is a need for a change to the number of exceptions that you don't need to be prepared in the first amendment, but... Well, I think there is a stigma part of the law saying that the party needs a broader view of what is the future of the community in terms of exceptions. Hi, my name is Dan Kruger and I represent Wilson District. In May of May 4th, there was a public decision about the second point, or the term, the second point, which is the Congress is set up to be as secure as we want to be. I think there are a number of standards that are being applied to all cases here, and that is incorrect because in wider restrictions that were discussed, the conservative wider discussed set up to be  secure as we   be. think there are a number of standards that are being applied to all cases here, and that is incorrect  the that is incorrect the  is set up to be secure   think there are a                   , all cases here, and    the is set up
judges: Burns, Tashima, Bea